# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGEL RIVERA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GARFIELD COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>    Defendants. ) | Case No. CIV-15-1299-M |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee[1] appearing *pro se* and *in forma pauperis,* brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this action be summarily **DISMISSED.**

## I. BACKGROUND

Plaintiff purportedly brings this action against the Garfield County Sheriff's

---

[1] A check of the Oklahoma Department of Corrections website shows that Plaintiff is not currently in its custody, and so it appears that Plaintiff is a pretrial detainee. ODOC Inmate Locator, http://docapp065p.doc.state.ok.us/servlet/page?_pageid=393&_dad=portal30&_schema=PORTAL30&SearchMode=Basic&first_name=Angel&last_name=Rivera&SearchAll=ALL (accessed December 7, 2015).

Department and Shay Hanley, a guard at the Garfield County Detention Center. (ECF No. 1:1). In his Complaint, Plaintiff sets forth a litany of grievances, oftentimes vague, regarding the conditions of confinement in the Garfield County Detention Center that he contends violate his constitutional rights:

(1) The Detention Center contains black mold (ECF No. 1:2);

(2) Inmates are forced to use a shower as a urinal during recreation time, resulting in the showers containing urine and feces (ECF No. 1:2-4, 7, 10);

(3) Medically dependent inmates are housed in the general population (ECF No. 1:2, 4);

(4) While Plaintiff was on suicide watch for 11 days, he was only allowed to shower two times and was not allowed to brush his teeth (ECF No. 1:2, 7, 10)[2];

(5) Defendant Hanley "verbally and racially" abused Plaintiff by mocking the way he pronounces words (ECF No. 1:2, 9);

(6) Plaintiff was placed in lockdown for rule violations without being provided a hearing (ECF No. 1:2, 4, 10);

(7) On August 26, 2015, Plaintiff's breakfast cereal had a fungus or green and black substance on it (ECF No. 1:7);

(8) Plaintiff's cell was given to another inmate during the time he was on suicide watch. When Plaintiff returned, he did not receive, nor get reimbursed for the loss of, his du-rag, pony tail holder, 2 pairs of boxers, 1 pair of socks, 1 shirt, a letter from his dad and a bible (ECF No. 1:7, 10);

(9) Guard Calvin made offensive and improper remarks about Plaintiff's mother (ECF No. 1:7);

---

[2] Plaintiff initially states that he was never allowed to shower during those eleven days. (ECF No. 1:2, 7). He later states, however, that he was allowed to shower two times during those eleven days. (ECF No. 1:10).

(10) Food is served cold and they are not provided any fruit, unless someone from the Marshall's Office is visiting the Detention Center (ECF No. 1:7);

(11) Upon being booked into the Detention Center, Plaintiff was not provided a bed sheet nor a towel and he has seen other inmates without a blanket or sandals (ECF No. 1:10); and,

(12) Inmates ask for Request to Staff, Grievances and Medical Requests forms but they are usually not provided (ECF No. 1:10).

Plaintiff is seeking the termination of Defendant Hanley's employment with the Garfield County Detention Center and $25,000.00 in compensatory damages for mental anguish and the loss of his personal belongings.

## II. SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. DISCUSSION

### A. Claims against Garfield County Sheriff's Department

It is recommended that any claims against the Garfield County Sheriff's Department be dismissed as it is not a suable legal entity. Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is

determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. The authority of each Oklahoma county is exercised by its board of county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore neither the Garfield County Sheriff's Department, nor incidentally the Garfield County Detention Center, can be sued in this § 1983 action. *See Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (affirming dismissal of county jail; although applicable state law provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Reid v. Hamby*, No. 95–7142, 1997 WL 537909, at * 6 (10th Cir. Sept. 2, 1997) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit"). Accordingly, Plaintiff's Complaint should be dismissed against the Garfield County Sheriff's Department.

### B. Claims on Behalf of Other Inmates

Plaintiff appears to assert claims on behalf of other inmates who are not parties to this action. For example, Plaintiff alleges that there are inmates who do not have

blankets or sandals, are not provided with grievance related forms upon request and "medically dependent" inmates are housed in general population rather than in the medical pod. Although many of these allegations also support Plaintiff's claims on behalf of himself, to the extent he intended to assert them on behalf of others, they must be dismissed for failure to state a claim upon which relief can be granted. An action brought under Section 1983 must be based on a violation of Plaintiff's personal rights and not on the rights of someone else. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993) (holding that Section 1983 plaintiff lacks standing to bring claims on behalf of others) (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990)). Thus, the undersigned finds those claims raised on behalf of other inmates or based on events that involve other inmates, and not Plaintiff, should be dismissed with prejudice.

### C. Conditions of Confinement

"To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, to the extent Plaintiff cited to any amendment in relation to his conditions of confinement claims, it was the Ninth Amendment. However, such claims actually fall under the purview of the Fourteenth Amendment applying the deliberate indifference standard of the Eighth Amendment, and the undersigned will review the claims, accordingly. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial

5

detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted); *see also Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [a pro se complaint] to less stringent standards than formal pleadings drafted by lawyers.").[3]

To establish deliberate indifference based on inhumane conditions of confinement, a section 1983 plaintiff must satisfy both an objective component and a subjective component. Under the objective component, the deprivation alleged must be sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quotations

---

[3] The Ninth Amendment to the United States Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The "Ninth Amendment is not an independent source of individual rights", but is "a rule of construction to be applied in certain cases." *See United States v. Bifield*, 702 F.2d 342, 349 (2nd Cir. 1983). The Tenth Circuit Court of Appeals has held that because other amendments, such as the Eighth Amendment, specifically address the mistreatment of prisoners, Ninth Amendment claims are indisputably meritless. *Parnisi v. Colo. State Hosp.*, No. 92–1368, 1993 WL 118860, at *1 (10th Cir. Apr. 15, 1993). Thus, Plaintiff states no viable cause of action under the Ninth Amendment and any such claim should be dismissed with prejudice.

omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Under the subjective component, the official must have acted with a sufficiently culpable state of mind, namely "deliberate indifference to inmate health or safety." *Id.* With regard to this second requirement, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

### 1. Claims Regarding Meals

Plaintiff's allegations related to his meals fail to rise to the level of an Eighth Amendment violation. "A prison must provide adequate food and medical care to inmates, and the food must be nutritionally adequate." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citations and internal quotation marks omitted). "A *substantial* deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *See id.* (emphasis added, citation omitted). Plaintiff's complaints regarding meals being cold, that the Detention Center rarely serves fruit and that on one occasion, he believes there was fungus on his breakfast cereal are not sufficient to support a constitutional violation. "[W]hile the Eighth Amendment guarantees that inmates will receive the basic necessity of nutritionally adequate food, *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006),

they are not entitled to the "amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

### 2. Cable Television

Plaintiff complains that although there is a television on at the Detention Center, the "cable box" is not on. (ECF No. 1:7). Inmates do not have a constitutionally guaranteed right to cable television. *Coleman v. Governor of Michigan*, 413 F. App'x 866, 877 (6th Cir. 2011) ("It is beyond question that access to cable television is not a fundamental right."). Thus, Plaintiff cannot state a viable claim based on a lack of access to the same and this claim should be dismissed without prejudice.

### 3. Showers as Urinals

Plaintiff contends that during recreation time, he and other inmates are forced to use one of the showers as a urinal leading to exposure to urine and feces when he later uses that shower. (ECF No. 1:2-4, 7, 10). In *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001), the Tenth Circuit acknowledged that "exposure to human waste carries particular weight in the conditions calculus." This is so because exposure to humane waste, like few other conditions of confinement, evokes both health concerns and the more generalized standards of dignity embodied in the Eighth Amendment. *Id.; see also McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (conditions of confinement sufficiently serious where inmate held in a feces-covered cell for three days).

With these principles in mind, the Court finds that the allegations are sufficient to meet the objective prong of the Eighth Amendment analysis. However, Plaintiff has not set forth sufficient allegations to meet the subjective prong of his Eighth Amendment claim. There is no allegation Defendant Hanley was aware of this circumstance or was one of the individuals who required the shower be used as a urinal. *See Farmer*, 511 U.S. at 837. Indeed, Plaintiff has failed to allege facts identifying any individual that personally participated in the alleged deprivation of his constitutional rights in this regard. *See, e.g., Trujillo*, 465 F.3d at 1228 ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.") (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); *Coleman v. Turpen*, 697 F.2d 1341, 1346 n.7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)). Thus, this claim should be dismissed without prejudice for failure to state a claim upon which relief can be granted. However, because there is a possibility Plaintiff may be able to cure the defect in this claim, it is recommended that the dismissal of Plaintiff's Eighth Amendment claim based on being required to use his shower as a urinal be with leave to amend. In proposing dismissal with leave to amend, Plaintiff is hereby reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure.

### 4. Other Allegations Regarding Conditions of Confinement

Plaintiff's remaining Eighth Amendment allegations include, but are not limited to, not being provided a bed sheet or a towel upon being booked into the Detention Center, "medically dependent" inmates are housed with the general population rather than the medical pod, limitations on his the opportunity to shower and brush his teeth during the 11 days he was on suicide watch, and that black mold exists within the facility and poses a health hazard. (ECF No. 1:2, 4, 7, 10). Each of these allegations fail to rise to the level of an Eighth Amendment violation because they are too vague to establish extreme deprivations and/or that Plaintiff has been subjected to an excessive risk to his health or safety.

Plaintiff states that he was not provided a bed sheet or towel upon being booked into the Detention Center but he does not indicate how long he was without the same, or if he remains without them. (ECF No. 1:10). With regard to black mold, he does not indicate the location of the black mold within the facility, nor any resulting health problems he has experienced. (ECF No. 1:2). He also complains that "medically dependent" inmates are kept in general population but he provides no information as to their alleged illness, the seriousness of the same or what health risks he faces as a result of being housed with them. (ECF No. 1:2, 4).

Furthermore, Plaintiff does not allege how any of the challenged conditions have created an "unconstitutionally high exposure to illness or injury." *See Barney*, 143 F.3d at 1312, n.14. Nor does he cite instances of him or other inmates becoming sick or

injured as a result of the conditions underlying his complaints. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). *Compare Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (allegations that prisoner was placed in his bare feet in a cell without a toilet for five hours was insufficient to demonstrate sufficiently serious deprivations); *Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (finding no Eighth Amendment violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days).

In sum, the undersigned finds Plaintiff has not alleged sufficient facts to establish either a sufficiently serious deprivation by, or deliberate indifference on the part of, any named defendant. Plaintiff must allege that the deprivations were extreme, and that he was "denied a minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). With this consideration, the undersigned finds Plaintiff's remaining allegations fail to state a valid claim for relief and should therefore be dismissed.

### D. Racist Statements

The Complaint broadly asserts: (1) Plaintiff was "verbally and racially abused and accosted by 2 particular guards,"; (2) Mr. Calvin made "offensive and improper comments about [Plaintiff's] mother (though it is not clear those were race-based); and, (3) Defendant Hanley mocked the way Plaintiff pronounces words and tied said pronunciation to his race. (ECF No. 1:2, 7, 9). It is not clear what provision of the Constitution Plaintiff believes has been violated by these allegations. In any event, the law is clear that verbal harassment, unless creating extreme psychological distress,

does not rise to the level of a constitutional violation. *Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). *Beal* discusses rare occasions in which verbal harassment could be considered a constitutional violation, such as a guard telling a prisoner that his family has died when they have not or falsely telling a prisoner that he has an incurable disease. *Id.* at 357. However, in the present case, the statements Plaintiff alleges, "while unprofessional and deplorable, do[] not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").[4] Accordingly, Plaintiff's claims based upon the alleged statements should be dismissed for failure to state a claim upon which relief can be granted.

### E. Lockdown

Plaintiff alleges that since his incarceration at the Detention Center, he received a hearing for his first rule violation, but did not receive one for any of his subsequent violations before being placed in lockdown. (ECF No. 1:2, 4, 10). This Court's liberal

---

[4] This does not mean that such language is irrelevant. As the court in *Dewalt* noted, "This does not mean, however, that the use of racially derogatory language is without legal significance. Such language is strong evidence of racial animus, an essential element of any equal protection claim. Thus, although the use of racially derogatory language, by itself, does not violate the Constitution, it can be quite important evidence of a constitutional violation." *Id.* at 612 (internal citations omitted).

construction of Plaintiff's Complaint leads to the supposition that he is attempting to state a claim based upon an alleged violation of his due process rights. The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court considered whether inmates have a liberty interest in remaining in the general population as opposed to disciplinary segregation. A majority of the Court held that disciplinary actions do not violate the Due Process Clause unless the discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff has not indicated "lockdown" constituted "atypical and significant hardship" relative to ordinary life at the Detention Center. Thus, the undersigned recommends this claim be dismissed for failure to state a claim upon which relief can be granted.

### F. Deprivation of Property

Plaintiff contends that he lost some of his personal property, including a du rag, ponytail holder, clothing, letter from his dad and a bible, when he was placed on suicide watch. Whether Plaintiff is claiming that Garfield County Detention Center officials purposely deprived him of property or negligently deprived him of property is not clear. If a plaintiff has adequate state post-deprivation remedies, random and unauthorized deprivations of a prisoner's property, even if intentional, do not give rise to a § 1983 claim. *Hudson v. Palmer*, 468 U.S. 517 (1984) (intentional deprivation); *Parratt v. Taylor*, 451 U.S. 527 (1981) (negligent deprivation), *overruled in part on other grounds*,

*Daniels v. Williams*, 474 U.S. 327 (1986). On the other hand, when the alleged deprivation of property is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom," the availability of an adequate state post-deprivation remedy will be considered irrelevant in a § 1983 action. *See Gillihan v. Shillinger*, 872 F.2d 935, 939–40 (10th Cir.1989); *see also Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 192 (10th Cir. 2004) (availability of post-deprivation remedy is irrelevant and does not bar civil rights claim only in cases involving deprivation of property pursuant to a policy).

Plaintiff does not allege that the loss of his property was pursuant to any policy or authorized act. To state a § 1983 claim, therefore, Plaintiff would have to demonstrate the inadequacy or unavailability of a post-deprivation remedy. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir.1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"). Under Oklahoma law, adequate post-deprivation remedies do exist. *See* Okla. Stat. tit. 12, § 1571 (replevin); Okla. Stat. tit. 51, § 151 et. seq. (Governmental Tort Claims Act).; *Steenbergen v. First Fed'l Savings and Loan of Chickasha*, 753 P.2d 1330, 1332 (Okla. 1987) (conversion). Plaintiff has not alleged that he attempted to utilize any of these post deprivation remedies and/or that they were inadequate. Thus, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 as a result of the alleged loss of personal property, and dismissal of this claim is appropriate.

### G. Denial of Grievance Related Forms

Plaintiff contends his requests for grievance related forms go unanswered. (ECF No. 1:10). However, prison grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights. *Murray v. Albany Cnty. Bd. of Cnty. Comm'rs*, No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000). ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Further, a state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *Boyd v. Werholz*, 443 F. App'x 331, 332 (10th Cir. 2011) (citing *Bingham v. Thomas,* 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure. *See also Spry v. McKune*, 479 Fed. Appx. 180, 181 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's due process claim premised upon unavailability of administrative remedy for failure to state a claim upon which relief can be granted); *Anderson v. Colo. Dep't of Corr.*, No. 98-1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) (holding that a state inmate's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner").

This is not to say that a correctional facility can freely obstruct an inmate's ability to use the grievance process. "Where prison officials thwart or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). However, as established above, inmates do not have a protected liberty interest in pursuing formal grievance procedures and therefore, any separate legal claim based on the same inherently fails.

## IV. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915. Plaintiff's claims asserted against Defendant Garfield County Detention Center and any claims asserted on behalf of other inmates should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's Fourteenth Amendment conditions of confinement claim based upon being required to use showers as a urinal during recreation time should be dismissed with leave to amend. Plaintiff's remaining claims should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 31, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the

right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on December 14, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE